FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 18 2008
JAMES W. McCORMACK, CLERK
By: BK Johnson
          DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BARBARA D WRIGHT-LANGHAMMER                                    PLAINTIFF

V.                          No. CV - 5:08-CV-0335 JLH

Ted Suhl, d/b/a Arkansas Counseling Associates and Arkansas
Counseling Associates 2007; and
Joel Landreneau, Incorporator of Arkansas Counseling
Associates, Inc.; and
The Lord's Ranch Behavioral Health Care System, Incorporated,      DEFENDANTS

This case assigned to District Judge Holmes
and to Magistrate Judge Young

## COMPLAINT

_____COMES NOW the Plaintiff, Barbara D. Wright-Langhammer, by and through her attorney, Sara M. Hartness, and for her Complaint against the Defendants states the following:

### JURISDICTION AND VENUE

1. This Complaint is brought pursuant to 28 U.S.C.A. §§ 1331 and 1343, 42 U.S.C.A. 2000e et seq., the Americans with Disabilities Act, 42 U.S.C.A § 12101 et seq., VII of the 1964 Civil Rights Act, 42 U.S.C.A §§1983 and 1985, Amendments 1, 5 and 14 of the United States Constitution, Federal Statutory law, for reprisal and retaliatory treatments for engaging in a protected activity pursuant to the Civil Rights Act of 1964 and 42 U.S.C.A. §1983.

2. All conditions precedent to jurisdiction under 42 U.S.C. §2000e-5(f)(3) have occurred or been complied with, to wit: A charge of employment discrimination was filed with the Equal Opportunity Commission (hereinafter EEOC) within 180 days of the commission

of the unfair employment practice, the charge being dated March 10, 2008 and assigned EEOC Charge No. 493-2008-00678; a dismissal and notice of rights to sue was signed by Wanda C. Milton Area Office Director, dated September 18, 2008 and mailed to the Plaintiff by way of regular First Class mail that would have caused this to be received by the Plaintiff after the mailing date of September 21, 2008.   (Exhibit A and B attached)

## PARTIES

3. Defendant, Ted Suhl, is the owner of Arkansas Counseling Associates, Inc. as well as The Lord's Ranch Behavioral Health Care Systems, Incorporated. [hereinafter referred to as "Lord's Ranch"] .  His address for perfecting service is 1033 Old Burr Road in Warm Springs, Ar 72478.

4. Defendants, Arkansas Counseling Associates, Inc. and Arkansas Counseling Associates 2007, are to the best of the Plaintiff's knowledge and belief, companies or corporation owned and operated by Ted Suhl under a conglomerate of corporate identities providing mental health service as a private contractor to various Government Agencies and Courts. Ted Suhl, through these various corporate identities and business operates  multiple offices through out the State of Arkansas and  employs over three hundred [300] people in the state of Arkansas, receives federal funding for the services rendered.

5. Defendant, Joel Landreneau, is listed as Incorporator/Organizer for Arkansas Counseling Associates, Arkansas Associates 2007 and is listed as the Resident  Agent of Service of process for The Lord's Ranch Behavioral Health Care System, Incorporated.  The mailing address for purposes of perfecting service is   1033 Old Burr Road in Warm Springs, Ar. 72478

6. The Plaintiff , Barbara Wright-Langhammer, is a citizen of the United States of American

and at all times relevant hereto resided in Drew County, State of Arkansas.

## FACTUAL BACKGROUND AND ALLEGATIONS

7. Plaintiff is a Caucasian female whose date of birth is February 8, 1962.

8. Plaintiff is diagnosed with ADHD and depression.

9. Plaintiff is a licensed clinical social worker and has a Juris Doctorate awarded by the University of Arkansas at Little Rock, Bowman Law School.

10. Plaintiff has practiced as a clinic social worker in the Southeast Arkansas region for more 6 years.

11. Plaintiff has also held the position of adjunct professor/visiting instructor of Social Work at the University of Arkansas at Monticello from Fall 1992 until May 2006.

12. Plaintiff was also a practiced law as a staff Attorney for the Department of Human Services.

13. Defendant Ted Suhl is the owner of Arkansas Counseling Associates, Inc., Arkansas Counseling Associates 2007, and the Lord's Ranch Inc. All three businesses list their headquarters as 1033 Old Burr Road in Warm Springs, Arkansas and operate in conjunction with one another to offer mental health services to citizens subject to the Juvenile Court Jurisdiction in the State of Arkansas or other governmental agencies.

14. In the summer of 2007 Plaintiff was approached by Tina Byrd, an office manager for Arkansas Counseling Associates, Inc. and/or Arkansas Counseling Associates 2007. Her office located at 105 Carlton Street, Dumas, in Desha County Arkansas and was asked to come and work for Arkansas Counseling Associates, Inc.

15. Prior to agreeing to work for Arkansas Counseling Associates, Inc. Plaintiff received the assurance by Ms. Byrd that her salary would exceed the salary Plaintiff was then earning.

16. Plaintiff was assured by Ms. Byrd that Plaintiff's pay would begin at the rate of $75 per billable hour and Seventeen dollars per billing unit for group therapy sessions for each patient engaging in group therapy. This amount was comparable to her current position at Living Hope Southeast and comparable with the rate of pay a similarly situated male clinician was receiving at Arkansas Counseling Associates, Inc.; that she would be paid a One Thousand Five Hundred and no/100's ($1,500.00) signing on bonus after her first two weeks on the job, and would be paid a sum equal to the value of the employee health insurance available which she would not be using.

17. Prior to recruiting and hiring Plaintiff, Arkansas Counseling Associates, Inc., had actual knowledge of Plaintiff's disabilities, and understood the accommodations necessary for Plaintiff to complete the work as she had prior work experience with the Defendant Company.

19. Based upon the promises made by Tina Byrd, Plaintiff accepted position with Arkansas Counseling and Associates $75 dollars per hour plus $17 dollars per group unit per patient.

20. Plaintiff requested a written contract from Ms. Byrd on numerous occasions and was repeated assured that a contract would be provided to her.

21. Based upon the agreement entered into be Plaintiff and Ms. Byrd regarding working environment and compensation, Plaintiff resigned her position with Living Hope Southeast, LLC, and began working for Arkansas Counseling Associates, Inc. (or Arkansas Counseling Associates 2007) on August 7, 2007.

22. After being employed by Arkansas Counseling and Associates, Plaintiff received a check for $1500 from Arkansas Counseling Associates (or Arkansas Counseling Associates

2007) without a pay stub attached, and was for the first time told that she would not receive her regular pay until Arkansas Counseling Associates received payment from Medicaid for service rendered and billed for.

23. Plaintiff never received a policy manual from Arkansas Counseling Associates, Inc. even though she made numerous requests orally and in writing for one.

24. Plaintiff never received any training for billing procedures, office procedures, or anything else of that nature at any time during her tenure at Arkansas Counseling Associates, Inc. or Arkansas Counseling Associates 2007, despite repeated requests.

25. After the initial six week waiting period, Plaintiff received her first check and realized that she was actually only being paid fifty five and no/100's dollars, ($55.00) per billed hour and only $17 dollars per hour, as opposed to ($75.00) per billed hour and $17.00 per billing unit, per person for group therapy, and furthermore was not not being paid for her insurance benefits as originally promised.

26. Plaintiff called both Tina Byrd and Jana Kulbreath, her direct supervisor at Arkansas Counseling Associates (or Arkansas Counseling Associates 2007) regarding the discrepancy in the group rate and asked for documentation regarding their billing procedures and again requested an employment contract in writing.

27. Defendant's only response to Plaintiff's inquiries was to pay for her insurance which was agreed at the time of her hire.

28. For the first time since her employment, Plaintiff was advised by Jana Kulbreath that she would never be paid the seventy five dollars ($75) per hour, which Steven Jenkins was being paid despite the fact that Plaintiff was more qualified for the job than Steven Jenkins.

29. After Plaintiff complained about the lack of equal pay and the breach of the terms and conditions of her employment contract, Tina Byrd, began to ridicule Plaintiff regarding her disability and the extra time she took to complete her paperwork, refused to properly and timely bill Plaintiff's hours to Medicaid, causing unnecessary delays in both the amount and timeliness of Plaintiff's pay.

30. In November of 2007, Tina Byrd cancelled two group sessions during the week of Thanksgiving without mentioning it to Plaintiff; resulting in a substantially reduced paycheck due to her lack of billable hours, and continued to take affirmative steps to reduce the pay which Plaintiff received.

31. Plaintiff began to request copies of her billed hours to Medicaid, in order to confirm or correct he pay, and was repeatedly denied access to these records.

32. On November 23, 2007 Plaintiff was presented a written employment contract, the terms of which were completely contrary to the terms and conditions agreed upon between she and Ms. Byrd prior to her accepting employment, and was instructed by her direct supervisor to sign the contract. (See attached Exhibit C)

33. On January 29, 2008, Plaintiff filed a grievance with Arkansas Counseling Associates (or Arkansas Counseling Associates 2007) regarding their failure to pay her a rate equal to the male clinician and their breach of other terms and conditions of her employment contract. IN this grievance Plaintiff specifically complained of age and sexual discrimination, violations of the Americans with Disabilities Act, she questioned the nature and manner of the billing procedures submitted by the agency to Medicaid.

34. On January 30, 2008, Jana Kulbreath called the Plaintiff and told her that she received her

grievance "faxed materials", and was advised that Ted Suhl ordered Plaintiff's termination because Plaintiff had filed a grievance. She was instructed to collect her personal belongings and vacate her office immediately. Plaintiff advised Ms. Kulbreath that she considered this termination to be in retaliation to her grievance. Ms. Kulbreath told her to take it to the EEOC.

35. After Plaitniff's termination, Defendants stopped payment on her most recent pay check and refused to pay her the remaining moneys due and owing to her for serviced billed but payments which had not yet been received by the Agency.

36. Due to the six week waiting period and the delays due to improperly filled out billing statements as well as statement sheets held per clinical manager, Plaintiff continued to receive paychecks from Arkansas Counseling Associates (or Arkansas Counseling Associates 2007.) until March 3, 2008. Defendant's further, wrongfully interfered with the Plaintiff's right to collect unemployment compensation.

37. On March 3, 2008, Plaintiff filed an amended complaint to charge age discrimination with the EEOC, once she realized that Mr. Steven Jenkins was considerably younger than she was.

## COUNT I

### RETALIATION AND 1983 ACTION

38. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraphs numbered 1 through 37 as a part of this Count of Retaliation and discrimination.

39. That in so far as the Defendants were fully funded through federal funds and were providing services ordered to be received by the Courts, the Defendants were at all times

subject to the laws of the United States of America, including but not limited to Title VII of the Civil Rights Act of 1964, the American with Disabilities Act and 42 U.S.C.A. § 1983 1985; Equal Pay Act of 1963; and Age Discrimination in Employment Act of 1967.

40. That Plaintiff had a constitutionally protected property right to continued employments, which could not be altered with out providing appropriate due process protections as guaranteed by the Fifth Amendment to the Constitution of the United States of America.

41. Plaintiff 's termination from employment was in direct violation of Title VII of the Civil Rights Act of 1964, the American with Disabilities Act and 42 U.S.C.A. § 1983 1985; Equal Pay Act of 1963; and Age Discrimination in Employment Act of 1967, without Due Process.

## COUNT II

### DISCRIMINATION BASED UPON SEX AND AGE

42. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraphs numbered 1 through 41 as a part of this Count.

43. The Plaintiff throughout the duration of her employment with Arkansas Counseling Associates, Inc., and/or Arkansas Counseling Associates 2007, she was a member of protected classes by virtue of her gender and age.

44. Throughout Plaintiff's employment with Arkansas Counseling Associates, Inc., and/or Arkansas Counseling Associates 2007, Plaintiff was treated less favorably in the terms and conditions of her employment than were similarly situated employee of Arkansas Counseling Associates, Inc., and/or Arkansas Counseling Associates 2007, who were not members of Plaintiff's protected classes.

45. Plaintiff suffered adverse employment action as a result of the Defendants' discriminatory

actions.

46. Further, Plaintiff was fired the day after she filed a grievance complaining of age and sex discrimination in direct retaliation of her complaint.

## COUNT III

## VIOLATION OF THE AMERICANS WITH DISABILITY ACT

## HOSTILE WORK ENVIRONMENT AND RETALIATION

47. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraphs numbered 1 through 46 as a part of this Count.

48. At all times relevant hereto the Defendant knew of Plaintiff disabilities, and subjected her to a hostile work environment which included, but was not limited to, subjecting her to ridicule because of her disabilities, that lasted for such a period of time and were so prevalent that it affected the terms and conditions of her employment environment to the extent and the Plaintiff was forced to work in a hostile work environment.

49. That the Defendants terminated the Plaintiff immediately after she officially complained of violations of the Americans with Disabilities Act.

## COUNT IV

## BREACH OF CONTRACT FOR EMPLOYMENT

50. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in Paragraphs numbered 1 through 49 as if repeated herein word for word and paragraph for paragraph in support of this count.

51. Prior to accepting employment with the Defendants, Plaintiff and Defendants agent agreed upon specific terms and conditions of her employment and compensation. Plaintiff relied upon the promises of the Defendants through their agents to her detriment.

52  That the Defendant materially breached the terms and condition of her employment contract.

## COUNT V

### VIOLATIONS OF THE EQUAL PAY ACT OF 1963

53. As a cause of action and ground for relief, Plaintiff alleges the factual matters described in paragraphs numbered 1 through 52 as if repeated herein word for word and paragraph for paragraph in support of this count.

54. 29 U.S.C. §206(d) prohibits any employer who provides contract services to any state of federal agency from discriminating against employees as to their rate of pay based upon the gender of the employees.

55. That the Defendants herein violated 29 U.S.C. §206(d) by paying the Plaintiff less pay than it did male employees performing the same or very similar job duties.

### DAMAGES AND RELIEF SOUGHT

56. The Plaintiff, Barbara Wright-Langhammer, seeks appropriate relief that she is entitled to pursuant to Title VII, including but not limited to, reinstatement to her previous position and or a position she would hold but for her wrongful termination, together with all back pay, back benefits; pre-trial interest; compensatory damages for the pain and suffering suffered and to be suffered as a result of the wrongful acts of the Defendants; earnings, wages, attorney's fees, and other relief herein.

57. Plaintiff, Barbara Wright-Langhammer, further requests such damages as are appropriate under the circumstances including, but not limited to, the following:

   A.  Reinstatement to her prior job position, or the position she would have currently

       hold, had she continued in her position;

B.     Pain and suffering and mental anguish;

C.     Any and all earnings, wages and other benefits Plaintiff, Barbara Wright-Langhammer, would have received but for the wrongful acts of Defendants;

D.     Other damages that will be more particularly described during the course of litigation.

E.     In the alternative, should the trier of fact find that reinstatement to her prior position is not reasonable in terms of the irreparable harm Defendants have already inflicted on Plaintiff, Plaintiff prays for front pay;

F.     Attorney's Fees and costs of litigation;

G.     Punitive Damages

58.     Plaintiff, Barbara Wright-Langhammer, asks for judgment against the Defendants for liquidated damages in a sum in excess of $75,000.00, the minimum amount for federal court jurisdiction, together with the other damages prayed for herein, including any and all other damages that Plaintiff, Barbara Wright-Langhammer, may be entitled to under these facts and circumstances and the law cited herein, or facts or circumstances which may be discovered in the future.

## RESERVATION OF RIGHT TO AMEND

59.     The Plaintiff, Barbara Wright-Langhammer, hereby reserves the right to amend the Compliant if other facts are discovered.

## JURY DEMAND

60.     Plaintiff demands a jury trial on all factual issues.

Respectfully submitted

BARBARA WRIGHT-LANGHAMMER

BY: /s/ Sara M. Hartness

Sara M. Hartness, AR Bar 88157
Attorney at Law
211 West Union
Monticello, Arkansas 71655
Telephone: 870-367-8304
Facsimile: 870-367-5195
Email: hartness.law@sbcglobal.net

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA [X] EEOC | **AMENDED** 493-2008-00678 |

and EEOC
_____
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Barbara W. Langhammer | (870) 367-9462 | 02-08-1962 |

Street Address: 127 Circle B Farm Road, Monticello, AR 71655

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ARKANSAS COUNSELING ASSOCIATES | 201 - 500 | (870) 382-1680 |

Street Address: 105 Carlton Street, Dumas, AR 71639

DISCRIMINATION BASED ON (Check appropriate box(es).):
[ ] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [X] AGE  [X] DISABILITY  [X] OTHER (Specify below.) EQUAL PAY

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-07-2007   Latest: 01-30-2008
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was contracted as a Therapist on 08/07/2007. I was denied a reasonable accommodation. I was given more work than other employees. I was denied equal pay. On 01/29/2008 I filed a grievance. On 01/30/2008 my contract was terminated. I was replaced by a younger worker.

I do not know why I was treated in the above manner.

I believe that I was denied a reasonable accommodation in violation of the American With Disabilities Act of 1990 as amended; I was denied equal pay in violation of the Equal Pay Act of 1963, and Title VII of the Civil Rights Act of 1964 as amended. I was given more work than others, and my contract terminated in retaliation for filing a grievance, in violation of Title VII of the Civil Rights Act of 1964 as amended. I was replaced because of my age, 45, in violation of the Age Discrimination in Employment Act of 1967, as amended.
46 as of 02/08/2008 (BWL)

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

3-10-2008  Barbara Wigt-Langhammer
Date   Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

RECEIVED MAR 11 2008 U.S. EEOC LRAO


EXHIBIT A

EEOC Form 161 (2/08)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Barbara W. Langhammer<br>127 Circle B Farm Road<br>Monticello, AR 71655 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2008-00678 | Carlos M. Borges,<br>Investigator | (501) 324-5083 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Wanda C. Milton /VP*                                     SEP 1 8 2008

Enclosures(s)                    Wanda C. Milton,                        *(Date Mailed)*
                                 Area Office Director

cc:   **Ted Shulz**
      **Owner**
      **AR COUNSELING ASSOCIATES**
      **105 Carlton Street**
      **Dumas, AR 71639**



EXHIBIT B

**ARKANSAS COUNSELING ASSOCIATES**
PO Box 315, Warm Springs, AR 72478

Phone: 870.647.2541                                              Fax: 870.647.2337

# PROFESSIONAL SERVICES AGREEMENT
*(Contract Therapist)*

This agreement is entered into between Maxus, Inc, DBA Arkansas Counseling Associates (hereafter referred to as THE AGENCY), and Barbara Wright-Langhammer (hereafter referred to as THE PROVIDER).

Now, therefore, in consideration of the mutual conditions herein contained, the parties agree as follows:

### I. SUMMARY OF PROFESSIONAL SERVICES TO BE PROVIDED

  A. Provide psychosocial evaluation and consultation services to patients subject to the need for services as determined by THE AGENCY and the availability of THE PROVIDER. THE AGENCY shall receive services from THE PROVIDER within 48 hours of the request excluding weekends and holidays.

  B. Provide, maintain, and make available such patient records as required by THE AGENCY and its Medical Director. THE AGENCY shall receive records and documentation with 48 hours of the request excluding weekends and holidays.

  C. Appear and present psychosocial evaluations and recommendations to the Circuit Court as necessary.

### II. DUTIES, RESPONSIBILITIES AND CONDITIONS

  A. THE PROVIDER agrees to carry out the duties and responsibilities indicated in Section I of this agreement and comply with all applicable policies and procedures.

  B. THE PROVIDER shall maintain on record with THE AGENCY's Human Resource Department evidence of High School and/or College Diploma and any other services contracted.

  C. THE PROVIDER shall participate in Quality Management activities as directed and defined by THE AGENCY Clinical Director.

  D. THE PROVIDER shall participate in initial and annual orientation. THE PROVIDER shall participate in training sponsored by THE AGENCY to maintain compliance with JCAHO, Medicaid, or any other licensing or regulatory requirements.



Page 1 of 3

ARKANSAS COUNSELING ASSOCIATES
PO Box 315, Warm Springs, AR 72478

Phone: 870.647.2541                                                                                     Fax: 870.647.2337

E. THE PROVIDER agrees that all caseloads are proprietary of THE AGENCY and may not be transferred to any other agency. In the event that THE PROVIDER leaves THE AGENCY for any reason, THE PROVIDER agrees not to attempt to transfer caseload to any other agency, organization, or individual.

F. THE PROVIDER acknowledges that they will receive forms, documents, and materials (including, but not limited to Intake Assessments, Treatment Plans, Treatment Notes, and Discharge Summaries), which are confidential, proprietary in nature and are specific to THE AGENCY (including design and formatting of such documents). THE PROVIDER acknowledges that these documents will not be transferred to any other agency or organization.

G. THE PROVIDER understands that all documentation to complete the case record must be accurately completed for each client and submitted to THE AGENCY prior to receiving compensation for services rendered upon cancellation of this agreement.

H. There shall be no illegal discrimination in the provision of contracted services and any such discrimination shall constitute grounds for cancellation of the agreement.

I. Services shall be limited to those indicated in the agreement.

J. THE PROVIDER will purchase Professional Liability Insurance and will provide THE AGENCY with a copy. THE PROVIDER must maintain and provide THE AGENCY with a current proof of Liability Insurance.

## III. TERMS AND COMPENSATION

A. The term of this agreement shall commence on the date of the designated AGECNY and PROVIDER representatives' signatures and shall continue in effect until such time as cancelled by either party.

B. To the extent of THE AGENCY's financial responsibility, THE AGENCY agrees to compensate THE PROVIDER upon receipt of collection of billed services. THE AGENCY's account payable checks are processed every 2 weeks. THE AGENCY agrees to pay Sixty dollars ($60.00) per billable hour or Seventeen dollars ($17.00) per billable unit group before taxes are withheld for reimbursements collected from insurance companies, Medicaid, or any other payers. THE PROVIDER will be compensated on only collected billings.

ARKANSAS COUNSELING ASSOCIATES
PO Box 315, Warm Springs, AR 72478

Phone: 870.647.2541                                                                                    Fax: 870.647.2337

## IV. SPECIAL PROVISIONS

This agreement constitutes the entire agreement between THE AGENCY and THE PROVIDER with respect to the subject matter hereof. THE PROVIDER's performance will be reviewed annually in writing along with any performance improvement needs required to continue the contract.

## V. AMENDMENT

This agreement may be amended or otherwise modified by written agreement on both parties.

## VI. CANCELLATIONS

Either party may terminate this agreement with written notice submitted thirty (30) days in advance of the termination.

Upon cancellation of contract by either party, THE PROVIDER understands that all documentation to complete the case record must be accurately completed for each client and submitted to THE AGENCY prior to receiving compensation for services rendered.

**AGREED TO:**

_____                                    _____
          Maxus, Inc.                                                                   THE PROVIDER

Dated: _____                             Dated: 12/31/2007