**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

BARBARA D. WRIGHT-LANGHAMMER PLAINTIFF

v. Case No. 5:08CV00335 JLH

TED SUHL d/b/a Arkansas Counseling Associates, Inc.
and Arkansas Counseling Associates 2007;
JOEL LANDRENEAU, Incorporator of Arkansas
Counseling Associates, Inc.; and
THE LORD'S RANCH BEHAVIORAL
HEALTH CARE SYSTEM, INCORPORATED DEFENDANTS

**OPINION AND ORDER**

On December 12, 2008, Barbara Wright-Langhammer filed her complaint against Ted Suhl d/b/a Arkansas Counseling Associates, Inc. and Arkansas Counseling Associates 2007; Joel Landreneau, Incorporator of Arkansas Counseling Associates, Inc., and The Lord's Ranch Behavioral Health Care System, Incorporated. In her complaint, Langhammer alleged retaliation; hostile work environment; sex and age discrimination; breach of contract; and violations of 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Equal Pay Act, and the Age Discrimination in Employment Act. The defendants have filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendants' motion is granted in part and denied in part.

**I.**

In ruling on a Rule 12(b)(6) motion to dismiss, the court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). All reasonable inferences from the complaint must be drawn in favor of

the nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to a legal basis for recovery." *Schmedding v. Tnemec Co.*, 187 F.3d 862, 864 (8th Cir. 1999). A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929 (2007) (overruling language from *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed.2d 80 (1957), which stated, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Accordingly, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555, 127 S. Ct. at 1964-65 (citations omitted). Stated differently the plaintiff must "raise a right to relief above a speculative level." *Schaaf*, 517 F.3d at 549.

**II.**

The defendants argue that they should all be dismissed from the present action. Because the "Professional Services Agreement" into which the plaintiff entered names as her employer Maxus, Inc. d/b/a Arkansas Counseling Associates, the defendants assert that the proper defendant in this action is Maxus, Inc. The defendants argue that Arkansas Counseling Associates and Arkansas Counseling Associates 2007 are separate and distinct entities from Maxus, Inc. The defendants state

that the plaintiff failed to make any factual allegations against The Lord's Ranch other than that Ted Suhl is its owner and Joel Landreneau is its registered agent for service of process. The defendants argue that the complaint fails to make factual allegations of wrongdoing relating to Landreneau and Suhl, and that Landreneau and Suhl cannot be held personally liable for the acts of their companies. Finally, the defendants argue that none of them are state actors and thus may not be held liable for the plaintiff's constitutional claims pursuant to 42 U.S.C. § 1983.

Langhammer disputes the plaintiffs' argument that the only proper defendant is Maxus, Inc. Langhammer asserts that Suhl, Landreneau, Arkansas Counseling Associates, and Arkansas Counseling Associates 2007 all form a single integrated enterprise such that they form a "single employer" for liability purposes. Courts have held that companies may be treated as a single employer when the following four elements are present: (1) interrelation of operations; (2) common management; (3) centralized control of labor operations; and (4) common ownership or financial control. *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389, 392 (8th Cir. 1977); *see also Artis v. Howell North Band Booster Ass'n*, 161 F.3d 1178, 1184 (8th Cir. 1998). Langhammer correctly notes that this Court recently dealt with an issue of single employer liability in *Cross v. Bad Boy, Inc.*, 2008 WL 5274095 (E.D. Ark. Dec. 17, 2008). In that case, this Court denied a motion to dismiss because it appeared that the three corporate entities, which shared a common location and common ownership, could be liable as a single employer. *Bad Boy, Inc.*, 2008 WL 5274095, at *1–2. The Court also held, however, that although the employers could be held liable under Title VII, the individual supervisors and employees could not be held liable and thus were dismissed from the suit. *Id.* at *3 (citing *Bonomolo-Hagen v. Clay Central-Everly Cmty. Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997).

In this case, Langhammer's complaint alleges no facts indicating that Suhl or Landreneau committed any wrongdoing individually. Her complaint states that she was approached by Tina Byrd, and office manager for Arkansas Counseling Associates, for the employment that is the source of this litigation. According to the complaint, Langhammer's employment negotiations and continued discussions occurred solely with Byrd, and the complaint admits that Langhammer and Byrd entered into an agreement regarding working environment and compensation. The only other person at Arkansas Counseling Associates with whom Langhammer allegedly spoke was Jana Kulbreath, her direct supervisor. Although Langhammer cites to several cases applying single employer liability to multiple entities, those cases held that multiple corporate entities, not individual persons, could be held liable as a single employer where they satisfied the four elements in *Baker*. Even if Suhl or Landreneau could be individually liable for their companies' actions, which they cannot,[1] Langhammer's complaint fails to allege that they individually engaged in any wrongdoing.

Langhammer's complaint does potentially state a claim against Arkansas Counseling Associates, Arkansas Counseling Associates 2007, and The Lord's Ranch, as well as potentially against Maxus, Inc. Although the complaint does not name Arkansas Counseling Associates and Arkansas Counseling Associates 2007 in its caption,[2] summonses were issued to them, and they assumed that they had been sued for purposes of responding to the motion to dismiss. The complaint alleges the Arkansas Counseling Associates entities and The Lord's Ranch all "list their headquarters as 1033 Old Burr Road in Warm Springs, Arkansas, and operate in conjunction with one another to

---

[1] *See Bad Boy, Inc.*, 2008 WL 5274095, at *3.

[2] The complaint names Suhl d/b/a Arkansas Counseling Associates and Arkansas Counseling Associates 2007, and Landreneau as the incorporator of Arkansas Counseling Associates, Inc.

offer mental health services . . . ." The facts in this case have not been fully developed inasmuch as no discovery has yet taken place, and the Court has not been fully briefed on the issue of whether the Arkansas Counseling Associates entities and The Lord's Ranch, as well as possibly Maxus, Inc.,[3] should be treated as a single employer under *Baker* and *Artis*. The defendants are the moving parties and therefore bear the burden of showing they are entitled to a motion to dismiss. Langhammer's complaint alleges facts indicating that the Arkansas Counseling Associates entities and The Lord's Ranch[4] operate as a single entity for liability purposes, and the defendants have failed to show at this point that single employer liability should not attach to them. Therefore, the Court will deny the motion to dismiss as to the Arkansas Counseling Associates entities and The Lord's Ranch at this time.

Finally, with respect to Langhammer's § 1983 claim, she argues that her employer participated in state action by performing counseling services and treatment either to students through an exclusive contract with public schools or to juveniles through orders from juvenile courts. Langhammer asserts that none of her patients were allowed to refuse the services and that Arkansas Counseling Services could not decline to provide the services. Thus, Langhammer concludes, her employer's arrangements with courts and public schools meant that her employer voluntarily

---

[3]Langhammer's complaint does not name Maxus, Inc., as a defendant, but the attached employment agreement names Maxus, Inc., d/b/a Arkansas Counseling Associates, as her employer. Although the defendants argue that Langhammer's employment contract was with Maxus, it is evident from the complaint and attached employment agreement that Maxus may also be considered a part of the same enterprise as the Arkansas Counseling Services entities and The Lord's Ranch.

[4]The Court recognizes that Langhammer's complaint makes no factual allegations indicating that she had an employment relationship with The Lord's Ranch, but if the entities are considered a single employer, then the absence of factual allegations relating to The Lord's Ranch is irrelevant.

engaged in state action.

The defendants correctly note that merely receiving Medicaid funds does not convert a private corporation into a state actor. *See Alexander v. Pathfinder, Inc.*, 189 F.3d 735, 740 (8th Cir. 1999). However, that does not mean that private corporations receiving Medicaid cannot be state actors in certain circumstances. To determine whether the conduct at issue is fairly attributable to the state, the Court must consider two issues: (1) "whether the claimed deprivation resulted from the exercise of a right or privilege having its source in state authority," and (2) "whether the party engaging in the deprivation may be appropriately characterized as [a] state actor." *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982)). Regarding the second element, courts have recognized a number of circumstances in which a private corporation may be a state actor, and the Court must analyze the particular facts of each case. *Id.*

As with the issue regarding the identity of Langhammer's employer, there has been no discovery conducted yet regarding the nature and extent of the services provided by Arkansas Counseling Services. Langhammer's complaint alleges that Arkansas Counseling Services provided counseling to juveniles as ordered by juvenile courts and other governmental agencies. As the moving party, the defendants bear the burden of showing that Langhammer's complaint fails to allege facts showing that they were state actors sufficient to support a § 1983 claim, and the defendants have failed to meet their burden. Therefore, the Court will deny the motion to dismiss on the § 1983 claim with respect to the Arkansas Counseling Services entities and The Lord's Ranch, and allow discovery to be conducted regarding the involvement of the state in the entities' private conduct.

**CONCLUSION**

Regarding Langhammer's claims against Suhl and Landreneau individually, the motion to dismiss is GRANTED. Suhl and Landreneau are dismissed from this action as individuals. Regarding the motion to dismiss the claims against Arkansas Counseling Associates, Arkansas Counseling Associates 2007, and The Lord's Ranch, the motion to dismiss is DENIED.

IT IS SO ORDERED this 17th day of July, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE